IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ELROY JOHNSON, PRO SE, § | |
| TDCJ-CID No. 1375276, § | |
| Previous TDCJ-CID No. 1085359, § | |
| Previous TDCJ-CID No. 1245097, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:12-CV-0113 |
| § | |
| GREGORY C. BOLAND, Captain of § | |
| Correctional Officer; GREGORY S. DAVID, § | |
| Assistant Warden; and § | |
| WILLIAM C. GING, Counsel Substitute I, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**

Plaintiff ELROY JOHNSON, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff alleges that, on January 18, 2011, defendant BOLAND found plaintiff guilty of a disciplinary infraction after having called plaintiff "stupid" during a disciplinary hearing "in Major Court." Plaintiff does not explain what he means by "Major Court." Plaintiff complains this remark showed defendant BOLAND was unprofessional and biased.

Plaintiff sues defendant DAVID because defendant DAVID is an Assistant Warden and "signed off on the Step 1 grievance knowing his Captain was in the wrong."

Plaintiff sues defendant GING because, as Counsel Substitute at the hearing in which BOLAND made the remark, GING "didn't do anything."

Plaintiff does not inform the Court whether this was a major or minor case and whether he lost accumulated goodtime credits as a result of the guilty determination.

Plaintiff's sole request for relief is for an award of punitive damages in an unspecified amount.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's original complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

**Defendant BOLAND**

Plaintiff alleges defendant BOLAND called plaintiff stupid during a disciplinary hearing and, therefore, displayed bias. Nevertheless, plaintiff does not directly challenge the disciplinary determination and does not point to any other harm resulting from BOLAND's action. To the extent plaintiff feels his constitutional rights were violated by merely being called stupid, it is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993).

Plaintiff's allegation of bias against defendant BOLAND may be an attempt to state a Due Process claim; however, as noted earlier herein, plaintiff has not informed the Court whether he lost any goodtime with respect to this disciplinary charge. In the wake of *Sandin v. Conner*, a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995))[3]. Therefore, if plaintiff lost no goodtime credits in connection with this disciplinary hearing, he has no federally protected due process rights and suffered no constitutional violation

If, on the other hand, plaintiff did suffer a loss of accumulated goodtime credits, then a grant of the relief requested would cast into doubt the determination of guilt in the disciplinary

---

[3] The *Sandin* Court expressly recognized the unusual deprivations in *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital), and *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(forcible administration of psychotropic drugs), also involved a liberty interest.

case. In the wake of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck* doctrine is now applied to the prison disciplinary setting. For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. *See, also, Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993)(unpublished)).

Review of the records of the United States District Court for the Northern District of Texas reveal no habeas action by plaintiff challenging this disciplinary case and plaintiff's grievances attached to his complaint show it was not overturned on administrative appeal.

Therefore, it is clear this disciplinary case has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's attempted Due Process claim based on the January 18, 2011, disciplinary hearing lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

In any event, it is clear that defendant BOLAND's expression of his opinion of plaintiff's mental prowess, or lack thereof, does not show a predisposition to find plaintiff guilty of the disciplinary charge or that he ignored any relevant evidence. Plaintiff's own account of the hearing shows there was some evidence to support the determination of guilt.

Review of plaintiff's Step 2 grievance no. 20120826112 attached to plaintiff's complaint provides additional facts surrounding the disciplinary hearing. Plaintiff was written a

disciplinary charge for sexual misconduct during count being conducted by an Officer McKibban. During the disciplinary hearing, plaintiff was allowed to cross examine Officer McKibban. Plaintiff asked why the officers at the table and in the picket did not witness plaintiff's misconduct as well and why she had not been accompanied by other officers to assist her and keep an eye on her in case of an emergency. Plaintiff contends defendant BOLAND called plaintiff stupid and, in reaching his determination, did not consider plaintiff's contention that Officer McKibban was lying. Plaintiff's allegations are insufficient to state a Due Process claim against defendant BOLAND.

**Defendant DAVID**

Plaintiff is suing defendant DAVID because he did not satisfactorily resolve plaintiff's Step 1 grievance about the disciplinary hearing. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant DAVID lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant GING**

A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law[4], usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant GING lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ELROY JOHNSON be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

---

[4] The "color of law" inquiry centers on whether a person who is affiliated with a state government or its political subdivision has used his position to deprive another of his constitutional rights. "[T]he nature of the act performed, not the clothing of the actor or even the status of [the party] . . ., determines whether the officer has acted under color of law." *Colon v. Lomelo*, 575 F.Supp. 664, 667 (S.D.Fla. 1983) (quoting *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D. Pa. 1968)). Action taken "under color of" state law is not limited only to that action taken by state officials pursuant to state law. *Monroe v. Pape*, 365 U.S. 167, 185, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). It encompasses "[m]isuse of power, possessed by virtue of stat law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Id.* at 184, 81 S.Ct. at 482.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of May, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).